## Armstrong v. Weinstein

*Carol Nelson Shepherd,* for plaintiffs.
*Slade McLaughlin,* for defendant.

GOLDMAN, *J.,* May 20, 1985—On December 30, 1980, defendant Dr. Robert Weinstein performed a

laparoscopic tubal ligation and a dilation and curettage upon plaintiff Gloria Armstrong. Mrs. Armstrong and her husband David have brought this action alleging that Dr. Weinstein performed the dilation and curettage without Mrs. Armstrong's preoperative consent and that, as a result, she has experienced severe emotional and psychological injury. In particular, Mrs. Armstrong contends, inter alia, that Dr. Weinstein's action caused her to recall, with attendant emotional distress, being raped by two cousins when she was a child.

On September 10, 1984, defendant's counsel forwarded supplemental interrogatories to plaintiff's counsel requesting information regarding the two cousins who allegedly raped Mrs. Armstrong and the identity of another cousin who allegedly witnessed the incident. Shortly thereafter, plaintiffs filed objections to defendant's supplemental interrogatories and in return defendant filed a motion to compel plaintiffs to provide the requested information. On January 7, 1985, this court ordered that plaintiffs' objections to defendant's supplemental interrogatories were stricken and ordered that plaintiffs file answers to defendant's supplemental interrogatories within 20 days.

Subsequently, in conference, it was suggested that counsel agree upon a limitation that would insure the confidentiality of the discovery, and granted plaintiffs an additional 10 days, until February 6, 1985, to provide answers to defendant's supplemental interrogatories. However, no such agreement was reached.

On March 13, 1985, defendant filed a motion for sanctions against plaintiffs for their failure to answer defendant's supplemental interrogatories.

It is the decision of this court that defendant's motion for sanctions is granted, and that plaintiffs must respond to defendant's supplemental interrogatories within 30 days or plaintiff will be precluded from introducing evidence at trial in support of her claim of emotional distress relating to the recollection of her alleged rape as a child.

Moreover, this court further concludes that this matter is appropriate for certification pursuant to 42 Pa.C.S. §702(b) and Pa.R.A.P. 1311.

Plaintiffs base their objections to defendant's supplemental interrogatories on the advice of Mrs. Armstrong's treating physician that the disclosure of the requested information would be seriously detrimental to her emotional well being and mental health. Therefore, plaintiffs assert that, should Mrs. Armstrong be compelled to provide the requested information, it is doubtful that she would be able to continue her negligence claim.

However, it is the opinion of this court that it would be too prejudicial to defendant not to be able to investigate the basis for plaintiffs' most serious allegations of damage. Plaintiff is seeking a substantial financial recovery from defendant and it is only fair that she not be allowed to maintain a veil of secrecy over the incident that is the background of her claim.

Furthermore, it is regarded that this matter is one involving a controlling question of law or a final order in accordance with the applicable rules of certification of an issue for direct appeal to the Superior Court. This is so because this court's order, which will preclude introduction at trial of evidence in support of plaintiff's claim of emotional distress if plaintiffs do not answer defendant's supplemental interrogatories, would effectively put plaintiff out of

court as to her alleged major loss. Plaintiffs readily admit in the new matter of their answer to defendant's motion for sanctions that Mrs. Armstrong would probably not be able to continue her negligence claim should she be ordered to provide the requested information and that she may even withdraw her claim to prevent enforcement of this order which she believes would invade the privacy of her present day family life.

Moreover, a substantial ground exists for difference of opinion of this controlling question. Defendant argues that he has a right to have his supplemental interrogatories answered by Mrs. Armstrong so that he can ascertain the truth of her allegations. Plaintiffs argue that if Mrs. Armstrong is forced to disclose the relevant information, her emotional well being will be seriously harmed and she will have to abandon her good-faith legal claim.

In addition, this court considers this issue to be appropriate for certification because an immediate appeal from this order will materially advance the ultimate termination of the matter and would result in a conservation of judicial time and energy. A ruling now would determine this dispositive issue which almost certainly would be the basis for a post-trial appeal following this court's order.

Therefore, for all the reasons set forth above, defendant's motion for sanctions is granted. Plaintiffs shall respond to defendant's supplemental interrogatories within 30 days or be precluded from introducing evidence at trial in support of her claim of emotional distress relating to the recollection of her alleged rape as a child. [Finally], this court concludes that this matter is appropriate for certification pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S. §702(b).

## ORDER

And now, this May 20, 1985, upon consideration of defendant's motion for sanctions and plaintiffs' response thereto, it is hereby ordered and decreed that defendant's motion for sanctions is granted and plaintiffs shall respond to defendant's supplemental interrogatories within 30 days or suffer the following sanctions: plaintiff shall not be permitted to introduce evidence at trial in support of her claim of emotional distress relating to the recollection of her rape as a youngster; plaintiff shall, however, in every other respect, be permitted to proceed with her claim for damages for the performance of an operative procedure, the dilation and curettage, without her permission or consent and, further, the court finds that this order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the matter and, accordingly, this matter is appropriate for certification for direct appeal pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S. §702(b).